

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HECTOR VEGA, | § | No. 08-12-00100-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number One |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090C10765) |
| | § | |

## **O P I N I O N**

Appellant Hector Vega was charged and convicted by a jury of the offense of operating a vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West 2011). Appellant presents one issue challenging his conviction. We affirm.

## **BACKGROUND**

At approximately 11 p.m. on May 25, 2009, Officer Oscar Gloria conducted a traffic stop after observing the head and tail lights of the vehicle operated by Appellant were not illuminated, in violation of Transportation Code section 547.302. TEX. TRANSP. CODE ANN. § 547.302 (West 2011). Upon approaching Appellant, Officer Gloria immediately detected an odor of alcohol. In response to Officer Gloria's questions, Appellant stated he was coming from the Pershing Inn, a local bar, and had consumed four beers that night. Officer Gloria had Appellant exit the vehicle

and conducted the standard field sobriety tests. Gloria observed that Appellant exhibited signs of intoxication including slurred speech, unsteady balance, red and bloodshot eyes, and a strong odor of alcohol on his breath. Appellant exhibited all six clues of impairment of the horizontal gaze nystagmus field sobriety test, seven of the eight clues of the walk-and-turn field sobriety test and three of the four clues of the one-leg stand field sobriety test.

Officer Gloria arrested Appellant and provided him his *Miranda*[1] rights as well as the DIC-24 warning for driving while intoxicated, which pertains to the request for a breath test. Officer Jose Alvarez administered Appellant's Intoxilyzer breath test at the police station which showed Appellant's alcohol concentration at .121, in excess of the legal limit of .08. TEX. PENAL CODE ANN. § 49.01 (West 2011).

Appellant filed a pretrial motion to suppress his arrest, video of the arrest, field sobriety test results and any other evidence arising from the arrest on the basis that no traffic offense occurred to create reasonable suspicion of criminal activity. At the suppression hearing, the trial court did not make an express ruling on Appellant's motion. The evidence was subsequently admitted at trial absent any objections by Appellant. The jury found Appellant guilty of the charged offense of driving while intoxicated, and the trial court sentenced him to community supervision for a period of one year, six months and imposed a fine of $2,000, $500 of which was probated. Appellant raises one issue on appeal.

## DISCUSSION

In his sole issue on appeal, Appellant claims the trial court erred in denying his motion to suppress evidence stemming from his arrest because the officer did not possess reasonable suspicion of a traffic violation to conduct the stop. The State counters that because this complaint

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

was not properly preserved for appellate review, Appellant has waived error. Specifically, the State points to the absence of a ruling on the motion to suppress and Appellant's failure to object or maintain a running objection at trial.

In order to preserve error, a party must make a complaint through a timely request, objection, or motion and the trial court must either rule as to the complaint, or refuse to rule and the party objects to the refusal. TEX. R. APP. P. 33.1. *See Everitt v. State,* 407 S.W.3d 259, 263 (Tex. Crim. App. 2013) (a trial court may rule expressly or implicitly). *See also Montanez v. State*, 195 S.W.3d 101, 105 (Tex. Crim. App. 2006) (actions or other statements in the record can signify an implicit ruling). Additionally, when a party receives an adverse ruling, they must preserve error by objecting each time the evidence in question is offered. *Ethington v. State,* 819 S.W.2d 854, 859 (Tex. Crim. App. 1991) (exceptions to this general rule include maintaining a running objection or making a valid objection to all the evidence at issue outside the presence of the jury).

Appellant's main contention at the suppression hearing was that the lights on his vehicle were illuminated the night of his arrest and therefore, Officer Gloria did not have reasonable suspicion of a traffic violation to conduct the traffic stop. At the conclusion of the suppression hearing, the trial court did not rule on the admissibility of the evidence. At trial, Appellant did not object to Officer Gloria's testimony regarding the traffic stop or the administration of the field sobriety tests. Appellant specifically stated he had no objection to both the signed DIC-24 statutory warning form and the videotape of the traffic stop.

We conclude the trial court implicitly denied Appellant's motion to suppress based on the subsequent admission of the contested evidence at trial. *Montanez*, 195 S.W.3d at 105. Although Appellant's complaint relates to the denial of the motion to suppress, at trial Appellant

3

failed to preserve error when the evidence was admitted without objection. *Ethington,* 819 S.W.2d at 859. Appellant's issue is therefore overruled.

## CONCLUSION

The trial court's judgment is affirmed

GUADALUPE RIVERA, Justice

January 29, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)